UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOHAMUD SHARAWE, an individual, on behalf of himself and all others similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>INDIAN HARBOR INSURANCE COMPANY, a foreign insurer,<br><br>            Defendant. | Case No.<br><br>**DEFENDANT INDIAN HARBOR INSURANCE COMPANY'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446**<br><br>**[CAFA DIVERSITY JURISDICTION]**<br><br>**[Clerk's Action Required]** |

**TO:**　　　　**THE CLERK OF THE COURT**

**AND TO:**　　**PLAINTIFF AND COUNSEL FOR THE PLAINTIFF**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, 1453, and the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4-14 (2005) ("CAFA"), defendant Indian Harbor Insurance Company ("Indian Harbor"), by and through its attorneys, with full reservation of any and all defenses, hereby removes this putative class action to the United States District Court for the Western District of Washington at Seattle. Because plaintiff Mohamud Sharawe brings this action on behalf of a putative class, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d). As grounds for removal, Indian Harbor asserts and alleges the following:

CLYDE & CO US LLP<br>4 EMBARCADERO CTR, SUITE 1350<br>SAN FRANCISCO, CA 94111<br>(415) 365-9800 FAX (415) 365-9801

# I.    <u>BACKGROUND</u>

1.        Plaintiff filed his Complaint in this action in King County Superior Court on September 24, 2021 (Case No. 21-2-12735-1 KNT).  A copy of the Complaint is attached hereto as Exhibit A.  In the Complaint, plaintiff alleges that Indian Harbor utilizes a valuation system for automobile property damage claims that improperly reduces the amount owed for total loss claims.  Ex. A at ¶ 1.1.  According to plaintiff, Indian Harbor utilizes a valuation report prepared by Mitchell International Inc. ("Mitchell").  Ex. A at ¶¶ 1.5-1.7.  Plaintiff alleges that the Mitchell reports apply a "Projected Sold Adjustment," which underestimates and undervalues the "actual cash value" of total loss vehicles.  *Id.* at ¶ 1.7.

2.        Plaintiff asserts that he worked as a driver for Lyft, Inc. and was involved in an accident on January 20, 2019.  Ex. A at ¶¶ 2.1, 6.1.  Plaintiff's vehicle was deemed a "total loss."  *Id.* at ¶ 6.2.   Plaintiff alleges that Indian Harbor determined the "actual cash value" using a Mitchell valuation report and the report deducted a "Projected Sold Adjustment" of seven percent.  *Id.* at ¶¶ 6.7, 6.10. The resulting actual cash value was $8,015.47.  *Id.* at ¶ 6.6.

3.        Plaintiff asserts that Indian Harbor's use of the Mitchell valuations violates Washington regulations on adjustment and settlement of total loss claims (WAC 284-30-391).  Ex. A at ¶ 5.6.

4.        Plaintiff asserts and seeks certification of a class of "[a]ll persons and entities within the State of Washington that have made first-party property damages claims under contracts of automobile insurance with Indian Harbor that provided for payment of the actual cash value of the policyholder's deductible (less an applicable deductible) in the event of total loss and … where such claims for total loss were evaluated by Indian Harbor using the Mitchell valuation system which took a 'projected sold adjustment' and where that valuation was used to pay the claim."  Ex. A at ¶ 4.2.

5.        Plaintiff defines the class, in pertinent part, as persons who presented claims for collisions with dates of loss occurring more than six years before the filing date of September 24, 2021.  Ex. A at ¶ 4.3.

CLYDE & CO US LLP
4 EMBARCADERO CTR, SUITE 1350
SAN FRANCISCO, CA 94111
(415) 365-9800 FAX (415) 365-9801

6.     Plaintiff asserts that the proposed class is "estimated to comprise many thousands of people." Ex. A at ¶ 4.5.

## II.    INDIAN HARBOR'S REMOVAL IS TIMELY

7.     Indian Harbor timely files this Notice of Removal within thirty days of receipt of the Summons and Complaint. 28 U.S.C. § 1446(a). Indian Harbor received a copy of the Complaint on October 13, 2021. *See Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F.3d 1126, 1130 (9th Cir. 2019) (holding that the thirty-day removal clock under 28 U.S.C. § 1446(b)(1) does not begin upon service on and receipt by a statutorily designated agent, and begins only when the insurer actually receives the complaint).

## III.    THIS COURT HAS ORIGINAL JURISDICTION UNDER CAFA

8.     The Court has original jurisdiction of this action under the Class Action Fairness Act of 2005, codified in relevant part at 28 U.S.C. § 1332(d)(2). CAFA amended the diversity jurisdiction statute by adding provisions that give federal courts original jurisdiction in class actions in which the following requirements, in relevant part, are satisfied:

a.     the aggregate amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs;

b.     any member of the putative class is a citizen of a state different from any defendant ("minimal diversity"); and

c.     the putative class includes 100 or more class members.

9.     As set forth below, this action is removable under CAFA because the amount in controversy exceeds $5,000,000, exclusive of interest and costs, is a purported class action with over 100 putative class members, and plaintiffs and putative class members on the one hand and Indian Harbor on the other hand are citizens of different states.

## IV.    MINIMAL DIVERSITY

10.     Plaintiff alleges that he is a resident and citizen of Sammamish, King County, Washington. Ex. A at ¶ 2.1. Plaintiff further seeks to certify a class of "persons and entities within the State of Washington." Ex. A at ¶ 4.2.

NOTICE OF REMOVAL                          - 3-
PURSUANT TO 28 U.S.C. §§ 1332,
1441 AND 1446

CLYDE & CO US LLP
4 EMBARCADERO CTR, SUITE 1350
SAN FRANCISCO, CA 94111
(415) 365-9800 FAX (415) 365-9801

1    11.    At the time plaintiff filed his Complaint and at the time of this removal, Indian

2  Harbor was and is a corporation organized under the laws of the State of Delaware, with its

3  principal place of business in Stamford, Connecticut.

4    12.    Because plaintiff and putative class members are citizens of a state different than

5  the defendant, Indian Harbor, minimal diversity is satisfied to support this Court's original

6  jurisdiction under CAFA.  28 U.S.C. § 1332(d)(2); *Serrano v. 180 Connect, Inc.*, 478 F.3d

7  1018, 1020-21 (9th Cir. 2007).

8                           **V.    CLASS SIZE**

9    13.    Plaintiff alleges in his Complaint that the putative class consists of "many

10  thousands of people" and includes persons or entities making first-party property damage

11  claims for collisions with dates of loss occurring within six years of the September 24, 2021

12  filing date.  The putative class members' claims included first-party property claims made

13  under underinsured motorist property damage coverage, collision, or comprehensive coverage

14  issued by Indian Harbor.  Ex. A at ¶¶ 1.1, 4.3, 4.5.

15    14.    Plaintiff has alleged that the class size exceeds the 100 class member minimum

16  under CAFA.

17                     **VI.    AMOUNT IN CONTROVERSY**

18    15.    Under CAFA, "the claims of individual class members shall be aggregated to

19  determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive

20  of interest and costs."  28 U.S.C. § 1332(d)(6).

21    16.    If a putative class action complaint fails to allege an amount of damages, a

22  removing defendant need only allege in its notice of removal that the amount in controversy

23  requirement is met.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88–

24  89, 135 S.Ct. 547, 190 L.Ed.2d 495 (2014).  The appropriate measure of the amount in

25  controversy must be based on a reasonable assumption.  "A removing defendant is not required

26  to go so far as to prove Plaintiff's case for him by proving the actual rates of violation."  *Lewis*

27  *v. Hartford Cas. Ins. Co.*, No. 3:15-CV-05275-RBL, 2015 WL 4430971, at *2 (W.D. Wash.

NOTICE OF REMOVAL                    - 4-
PURSUANT TO 28 U.S.C. §§ 1332,
1441 AND 1446

CLYDE & CO US LLP
4 EMBARCADERO CTR, SUITE 1350
SAN FRANCISCO, CA 94111
(415) 365-9800 FAX (415) 365-9801

July 20, 2015).  Plaintiff's Complaint does not allege an amount of damages.

17.    Plaintiff alleges that, in his case, the Mitchell valuation report discounted the actual cash value of his total loss by approximately seven percent and the resulting actual cash value was $8,015.47.  The resulting reduction based on the Mitchell valuation report was approximately $561.08.

18.    Plaintiff alleges that Indian Harbor breached the insurance contract and plaintiff is entitled to recover his actual damages, including damages to make him whole for the alleged underpayment.  Ex. A at ¶¶ 7.1-7.11.

19.    Plaintiff asserts that Indian Harbor acted in bad faith (Ex. A at ¶¶ 8.2-8.6) and in violation of the Washington Consumer Protection Act ("CPA") (Ex. A at ¶¶ 10.1-10.6). Plaintiff seeks extra-contractual damages, including alleging actual and consequential damages for the alleged bad faith, and attorneys' fees, including exemplary damages under the CPA. Ex. A at ¶¶ 9.4, 10.6.

20.    RCW 19.86.090 provides for exemplary damages under the CPA up to three times "actual damages" or up to $25,000 per violation.

21.    As an example, if plaintiff asserts he was deprived of $561.08 in actual cash value and seeks treble damages under the CPA ($1,683.24), his potential damages total $2,234.32.

22.    Plaintiff has claimed a putative class of "many thousands" of members. Utilizing plaintiff's potential damages, the class need be no larger than 2,238 members – well within the "many thousands" alleged by plaintiff – to meet the $5,000,000 CAFA amount in controversy.

23.    Exemplary damages under the CPA as well as potential attorneys' fees authorized by contract or statute are included in any amount in controversy calculation.  *See Keodalah v. Allstate Ins. Co.,* No. C15-01412 RAJ, 2016 WL 4543200, at *2 (W.D. Wash. Mar. 25, 2016) (noting the amount in controversy includes actual damages, punitive damages and fees authorized by contract or statute) (citing *Gibson v. Chrysler Corp.,* 261 F.3d 927 (9th

Cir. 2001) (punitive damages), and *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (attorneys' fees)).

24.    While Indian Harbor denies all liability and damages or that plaintiff may certify a class pursuant to Rule 23 of the Federal Rules of Civil Procedure, Indian Harbor alleges in good faith that the amount in controversy supports this Court's jurisdiction under CAFA.

## VII. <u>CAFA REMOVAL IS APPROPRIATE</u>

25.    Because diversity of citizenship exists, the amount in controversy exceeds $5,000,000 (exclusive of interest and costs), and the class allegedly includes many thousands of members, this Court has original jurisdiction of the action pursuant to 28 U.S.C. § 1332(d)(2).

26.    Pursuant to LCR 101(b), a copy of the Class Action Complaint filed in King County Superior Court is attached.  Pursuant to LCR 101(c), within fourteen days of the filing of this Notice, Indian Harbor will file copies of all additional records and proceedings in the state court action, together with counsel's verification that they are true and correct copies of all the records and proceedings in the state court proceeding.

WHEREFORE, Indian Harbor Insurance Company gives notice that the action served on it by plaintiff and venued in King County Superior Court has been removed from that court to the United States District Court for the Western District of Washington at Seattle.

DATED:  October 27, 2021.

CLYDE & CO US LLP


By:  _/s/ Alex E. Potente_
      Alex E. Potente, WSBA No. 48858
      Laura Hawes Young, WSBA No. 39346
      Four Embarcadero Center, Suite 1350
      San Francisco, CA 94111
      (415) 365-9800
      alex.potente@clydeco.us
      laura.hawesyoung@clydeco.us

      Attorneys for Defendant
      INDIAN HARBOR INSURANCE COMPANY

1

## PROOF OF SERVICE

2 **STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

3      At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Francisco, State of California.  My business address is Four
4 Embarcadero Center, Suite 1350, San Francisco, California.

5      On October 27, 2021, I served true copies of the following document(s) described as **DEFENDANT INDIAN HARBOR INSURANCE COMPANY'S NOTICE OF**
6 **REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446** on the interested parties in this action as follows:

7
## SEE ATTACHED SERVICE LIST
8
      **BY E-MAIL OR ELECTRONIC TRANSMISSION:** by transmitting via email the
9 document(s) listed above to the email address(es) set forth in the attached Service List below on this day before 11:59:59 p.m. pursuant to the parties' agreement to electronic service and as
10 provided for in California Code of Civil Procedure § 1010.6. Electronic service of documents and California Rules of Court Rule 8.78. Electronic service.

11
      **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to
12 the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of
13 Clyde & Co LLP for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course
14 of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope
15 was placed in the mail at San Francisco.  (C.C.P. § 1013 (a)).

16      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of
17 this Court at whose direction the service was made.

18      Executed on October 27, 2021, at South San Francisco, California.

19

20      _____
Andrea Mackenzie
21

22

23

24

25

26

27

**CLYDE & CO US LLP**
4 EMBARCADERO CTR, SUITE 1350
SAN FRANCISCO, CA 94111
(415) 365-9800 FAX (415) 365-9801

1

**SERVICE LIST**

2

3    Daniel R. Whitmore                              Attorney for Plaintiff and the Class
     Law Offices of Daniel R. Whitmore
4    6840 Fort Dent Way, Suite 210
     Tukwila, WA 98188
5    Tel:       (206) 329-8400
6    Fax:       (206) 329-8401
     Email:     dan@whitmorelawfirm.com
7
     Duncan C. Turner                               Attorney for Plaintiff and the Class
8    Badgley Mullins Turner PLLC
9    19929 Ballinger Way NE, Suite 200
     Seattle, WA 98155
10   Tel:       (206) 621-6566
     Fax:       (206) 621-9686
11   Email:     dturner@badgleymullins.com

12   Mark A. Trivett                                Attorney for Plaintiff and the Class
13   Badgley Mullins Turner PLLC
     19929 Ballinger Way NE, Suite 200
14   Seattle, WA 98155
     Tel:       (206) 621-6566
15   Fax:       (206) 621-9686
16   Email:     mtrivett@badgleymullins.com

17

18

19

20

21

22

23

24

25

26

27

CLYDE & CO US LLP
4 EMBARCADERO CTR, SUITE 1350
SAN FRANCISCO, CA 94111
(415) 365-9800 FAX (415) 365-9801